The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
The parties entered into the following stipulations at the hearing:
1. On March 5, 1993 the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act. On that date, an employee-employee relationship existed between plaintiff and defendant-employer and Aetna Casualty Surety Company was the compensation carrier on the risk.
2. On March 5, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
3. Plaintiff's average weekly wage at the time of injury was $440.00.
4. Defendants paid plaintiff the following compensation:
a. Temporary total from 3/6/93 through 9/27/93;
b. Temporary partial from 9/28/93 through 3/13/94;
c. Temporary total from 8/31/94 through 9/2/94.
5. The only contested issue is the amount of compensation for permanent partial disability.
6. All of plaintiff's medical records were received into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Although plaintiff has zero visual sensory disability in his involved (left) eye, he has 100% disability of ocular motility in his left eye. He also has significant double vision, including double vision in down gaze and the central 10 degrees of visual field under binocular conditions. All of these disabilities and visual problems are permanent. Plaintiff's ability to read and depth perception are impaired as a result of these disabilities. These problems were caused by plaintiff's March 5, 1993 injury by accident.
2. Plaintiff has a 63% permanent disability of his left eye as a result of his March 5, 1993 injury by accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation pursuant to N.C. Gen. Stat. § 97-31 (19) at the rate of $293.33 for 75.6 weeks or $22,175.75.
2. Plaintiff is entitled to have paid by defendants all of his medical expenses incurred or to be incurred as a result of his injury by accident for so long as the treatments effect a cure, give relief or tend to lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff $22,175.33, subject to the attorney fee approved below, for permanent partial disability pursuant to N.C. Gen. Stat. § 97-31 (19).
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury by accident when bills for same are submitted through defendant-carrier to the Industrial Commission and approved by the Commission.
3. An attorney fee of $5,543.75 is approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and paid directly to the attorney.
4. Defendants shall pay the costs.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
LKM/bjp